UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLOCK & LEVITON LLP,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff, Block & Leviton LLP ("Plaintiff"), by its undersigned attorneys, alleges the following:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of documents related to the $5 billion fine imposed on Facebook, Inc. ("Facebook" or the "Company") by the Federal Trade Commission ("FTC") in July 2019 (the "2019 FTC Agreement").[1]

2. Facebook is currently the subject of troubling reports that, in its negotiations with the FTC over serious alleged violations of a 2011 consent decree, the Company's negotiators unfairly prioritized the interests of Facebook's controlling stockholder, Mark Zuckerberg ("Zuckerberg"), over the interests of the Company.

---

[1] *See* Lesley Fair, *FTC's $5 billion Facebook settlement: Record-breaking and history-making*, FED. TRADE COMM'N. BUS. BLOG (July 24, 2019), https://www.ftc.gov/news-events/blogs/business-blog/2019/07/ftcs-5-billion-facebook-settlement-record-breaking-history.

3.     According to THE WASHINGTON POST, Facebook agreed to pay the FTC "more than it believed was required in a bid to assuage regulators and win other concessions from the feds."[2] The most critical concession was a lack of personal consequences for Zuckerberg.

4.     According to the POST, the FTC's "primary concern" was "Zuckerberg and other top-tier Facebook executives. The [C]ommission's Democratic members—Rohit Chopra and Rebecca Kelly Slaughter—for months had hinted publicly their belief that corporate leaders should be held personally accountable for their companies' repeated privacy mishaps."[3] This could have "resulted in Zuckerberg, personally, being put under an FTC order, opening the door for fines and other penalties against him if Facebook erred again in the future. The FTC had considered placing Zuckerberg under order during its last investigation in 2011" before ultimately abandoning the issue.[4]

5.     But Facebook's negotiators treated personal consequences for Zuckerberg as a red line. In settlement negotiations led by Facebook's General Counsel, Colin Stretch, Facebook "steadfastly opposed placing Zuckerberg under order, including during meetings with [C]ommission negotiators starting last year. The tech giant's internal briefing materials reflected its willingness to cease settlement talks and send the matter to court, if necessary, to protect their executive from one of the most severe penalties the FTC could levy on him directly."[5]

---

[2] Tony Romm, *Facebook will have to pay a record-breaking fine for violating users' privacy. But the FTC wanted more.*, THE WASHINGTON POST (July 22, 2019).

[3] *Id.*

[4] *Id.*

[5] *Id.* ("Commission staff at one point sought to include in their order a section that pointed out all the times that Zuckerberg had spoken or posted publicly about Facebook's privacy commitments. Facebook vigorously battled against that, too.").

6. As late as April 25, 2019, the Company had "reasonably estimated a probable loss and recorded an accrual of $3.0 billion" for the FTC matter—$2 billion less than the final figure.[6] Ultimately, however, Facebook agreed to pay a $5 billion fine to ensure that Zuckerberg walked away unscathed.

## PARTIES

7. Plaintiff is a nationwide law firm headquartered at 260 Franklin Street, Suite 1860, Boston, Massachusetts.

8. Defendant FTC is an agency of the federal government that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10. Venue is premised on the place of business of Plaintiff and is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

11. As detailed herein, Plaintiff has exhausted all administrative remedies.

## FACTS

12. On October 30, 2019, Plaintiff submitted a FOIA request to the FTC, seeking all communications between the FTC and Facebook from January 1, 2017 to the present concerning the conduct described in *United States of America v. Facebook, Inc.*, No. 19-cv-2184 (D.D.C.), the related Cambridge Analytica inquiry, and the July 24, 2019 settlement related thereto.[7]

13. Specifically, Plaintiff requested three categories of documents:

---

[6] Form 10-Q filed by Facebook on April 25, 2019 at 21.

[7] Exhibit A.

    a. Any and all drafts of the settlement agreement sent to Facebook or sent by Facebook;

    b. Documents sufficient to show the monetary amounts of offers made to Facebook or proposed by Facebook to settle the FTC complaint; and

    c. Any and all documents concerning the liability of or remedies directed at Mark Zuckerberg, personally.

14. In a letter dated November 6, 2019, the FTC responded to Plaintiff's request by directing it to two sets of documents published on the FTC website, which purportedly contained "all releasable records."[8] The FTC otherwise declined to produce records to Plaintiff and did not provide any justification for doing so.

15. The FTC website does not contain documents responsive to Plaintiff's three specific requests.

16. On November 8, 2019, Plaintiff filed an appeal with the FTC.[9] In the appeal, Plaintiff correctly noted that "the FTC's prior practice of releasing *its own* draft settlement agreements, as demonstrated by its publication of the draft 2011 agreements with Facebook on its website, should not be disturbed by [*Food Mktg. Inst. v. Argus Leader Media*, __ U.S. __, 139 S. Ct. 2356, 2366 (2019)]. For the avoidance of doubt, we also believe that it is inappropriate to withhold draft settlements sent by Facebook to the FTC, but it is indisputable that, at a minimum, the FTC is obliged to release drafts that it drafted and sent *to* Facebook."[10]

17. In a letter dated December 9, 2019, the FTC responded to Plaintiff's appeal and, again, refused to produce any documents.[11] In the December 9, 2019 letter, the FTC: (i) improperly

---

[8] Exhibit B.
[9] Exhibit C.
[10] *Id.* (emphasis in original)
[11] Exhibit D.

relied on FOIA Exemption 4 to shield documents from disclosure; and (ii) admitted FOIA Exemption 5 was inapplicable to the requested documents.[12] In response to Plaintiff's argument that the FTC has produced similar documents involving Facebook previously (which continue to be on the FTC's website), the FTC stated: "You point to the 2011 draft settlement documents that you found on the FTC website as proof of an incorrect application of Exemption 4 pertaining to your request. I have determined that those documents were inadvertently released in a prior document request. Therefore, I conclude that your requested communication between the FTC and Facebook properly were withheld under FOIA Exemption 4."[13]

18.     The FTC's inconsistent and ever-changing positions regarding its FOIA compliance and determinations is contrary to law.

## COUNT I

### Violation of FOIA: Wrongful Withholding of Documents

19.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

20.     Defendant is subject to FOIA and must therefore release in response to FOIA any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

21.     Defendant has no lawful basis for declining to release the records requested by Plaintiff under FOIA.

22.     Accordingly, Plaintiff is entitled to an order compelling the FTC to produce records responsive to its FOIA request.

---

[12] *Id.* ("I agree that FOIA Exemption 5 would not apply to documents FTC shared with Facebook[.]").

[13] *Id.*

<u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

23.     Declare that the documents sought by Plaintiff's FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

24.     Order the FTC to provide the requested documents within 20 business days of the Court's order;

25.     Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

26.     Grant Plaintiff any further relief as this Court deems just and proper.

Dated: December 18, 2019

      /s/ Jason M. Leviton
Jason M. Leviton (BBO # 678331)
Joel A. Fleming (BBO # 685285)
Lauren Godles Milgroom (BBO # 698743)
260 Franklin St., Suite 1860
Boston, MA 02110
Tel: (617) 398-5600
Fax: (617) 507-6020

*Attorneys for Plaintiff*
BLOCK & LEVITON LLP