UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACUSETTS

| | |
|---|---|
| BLOCK & LEVITON LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-12539-PBS |
| ) | |
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Federal Trade Commission ("FTC" or "Defendant"), by and through its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, submits the following Answer to the Complaint by Plaintiff Block & Leviton LLP ("Plaintiff").

### **ANSWER**

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendant reserves its rights to amend this Answer if appropriate following discovery or investigation in this matter. The foregoing is incorporated into each paragraph of this Answer.

Defendant responds as follows to the individual paragraphs set forth in the Complaint:

# INTRODUCTION[1]

1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of certain documents related to Facebook.[2]

2.      The allegations contained in Paragraph 2 do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of allegations, and therefore denies the allegations.

3.      The allegations contained in Paragraph 3 consist of Plaintiff's characterization of an article published by The Washington Post on July 22, 2019, to which no response is required. To the extent a response is required, Defendant admits that such an article exists and respectfully refers the Court to that article for a complete and accurate statement of its contents.

4.      The allegations contained in Paragraph 4 consist of Plaintiff's characterization of an article published by The Washington Post on July 22, 2019, to which no response is required. To the extent a response is required, Defendant admits that such an article exists and respectfully refers the Court to that article for a complete and accurate statement of its contents.

5.      The allegations contained in Paragraph 5 consist of Plaintiff's characterization of an article published by The Washington Post on July 22, 2019, to which no response is required. To the extent a response is required, Defendant admits that such an article exists and respectfully

---

[1] For the convenience of the Court, Defendant replicates herein certain section headings used in the Complaint.  To the extent that any such heading is construed to state, incorporate, or imply any factual allegations, Defendant expressly denies such allegations.

[2] The capitalized term "Paragraph" as used herein refers to the numbered paragraphs set forth in the Complaint.

refers the Court to that article for a complete and accurate statement of its contents.

6. The allegations contained in the first sentence of Paragraph 6 consist of Plaintiff's characterization of a Form 10-Q filed by Facebook on April 25, 2019, to which no response is required. To the extent a response is required. Defendant admits that such a document exists and respectfully refers the Court to the referenced document for a complete and accurate statement of its contents. With regard to the second sentence of Paragraph 6, Defendant admits that in 2019 Facebook agreed to pay $5 billion as a civil penalty to settle FTC charges that Facebook violated a 2012 FTC order, but otherwise lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations concerning Facebook's decisionmaking,

## PARTIES

7. The allegations contained in Paragraph 7 consist of Plaintiff's description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

8. Defendants admits that it is an agency of the federal government and that it possesses records responsive to a FOIA request that Plaintiff submitted to the FTC on October 30, 2019.

## JURISDICTION AND VENUE

9. The allegations contained in Paragraph 9 consist of Plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action.

10. The allegations contained in Paragraph 10 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

11. Defendants admits the allegations contained in paragraph 11.

## FACTS

12. Defendant admits the allegations contained in Paragraph 12.

13. Defendant admits that Plaintiff's October 30, 2019 FOIA request to the FTC specified the three categories of documents described in Paragraph 13.

14. Defendant admits that the FTC responded to Plaintiff's FOIA request in a letter dated November 6, 2019, but denies that the allegations contained in Paragraph 14 fully describe the cited document. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its contents.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant admits the first sentence of Paragraph 16. The remainder of this paragraph consists of Plaintiff's characterization of arguments it made in its administrative appeal and conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

17. Defendant admits that the FTC responded to Plaintiff's appeal in a letter dated December 9, 2019, but denies that the allegations contained in Paragraph 17 fully describe the cited document. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its contents. The allegations of Paragraph 17 include Plaintiff's

conclusion of law concerning the applicability of the FOIA exemption asserted by the FTC, to which no response is required. To the extent a response is required, the allegations are denied.

18. Defendant denies the allegations in Paragraph 18.

## COUNT I

### Violation of FOIA: Wrongful Withholding of Documents

19. Defendant incorporates by reference its responses to all preceding paragraphs.

20. The allegations contained in Paragraph 20 consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied, except Defendant admits that it is subject to the provisions of the FOIA, 5 U.S.C. § 552, *et seq*.

21. The allegations contained in Paragraph 21 consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

22. The allegations contained in Paragraph 22 consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is necessary, Defendant incorporates by reference its responses to all preceding paragraphs, denies the allegations in the Prayer for Relief, and denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Defendant sets forth the following separate affirmative defenses without assuming the burden of proof that would otherwise rest with Plaintiff. Defendant expressly reserves the right to rely upon other affirmative defenses that may become available during discovery in this case.

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Any information that Defendant has withheld in response to Plaintiff's FOIA request is exempt in whole or in part under the FOIA, 5 U.S.C. § 552 *et seq*.

### *THIRD AFFIRMATIVE DEFENSE*

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiff is not entitled to attorney's fees or costs in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court deny the relief requested in the Complaint, and that the Court dismiss the Complaint against it, with prejudice.

                Respectfully submitted,

                FEDERAL TRADE COMMISSION

                By its attorney,

                ANDREW E. LELLING
                United States Attorney

By:   */s/ Jason C. Weida*
       Jason C. Weida
       Assistant U.S. Attorney
       United States Attorney's Office
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3180
Dated:  January 21, 2020       Jason.Weida@usdoj.gov