# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLOCK & LEVITON LLP,<br><br>                Plaintiff,<br><br>        v.<br><br>FEDERAL TRADE COMMISSION,<br><br>                Defendant. | Civil Action No. 1:19-cv-12539-PBS |

# MEMORANDUM OF LAW IN SUPPORT OF FACEBOOK, INC.'S
# <u>MOTION TO INTERVENE</u>

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A. Facebook has a right to intervene under Rule 24(a) ................................................5

        1. Facebook's motion to intervene is timely ....................................................5

        2. Facebook has an existing, legally protected interest relating to the property and transaction that forms the basis of the action ....................7

        3. The FOIA action presents a realistic threat to Facebook's ability to protect its interest in maintaining confidentiality ...................................8

        4. Facebook has a unique interest in maintaining confidentiality of its own information ......................................................................................10

    B. Alternatively, this Court should permit Facebook to intervene permissively under Rule 24(b) ...............................................................................11

IV. CONCLUSION .....................................................................................................................13


## TABLE OF AUTHORITIES

Page(s)

**Cases**

*100Reporters LLC v. DOJ*,
   307 F.R.D. 269 (D.D.C. 2014) ................................................................................................8, 11

*Am. Oversight, Inc. v. U.S. Dep't of Health & Human Servs.*,
   No. 17-827 EGS/DAR, 2018 WL 4381099 (D.D.C. Aug. 3, 2018) ..........................................4

*Appleton v. F.D.A.*,
   310 F. Supp. 2d 194 (D.D.C. 2004) ........................................................................................11

*Baker & Hostetler LLP v. U.S. Dep't of Commerce*,
   473 F.3d 312 (D.C. Cir. 2006) ...................................................................................................9

*Banco Popular de Puerto Rico v. Greenblatt*,
   964 F.2d 1227 (1st Cir. 1992) ................................................................................................5, 6

*In re Boston Sci. Corp. ERISA Litig.*,
   254 F.R.D. 24 (D. Mass. 2008) ................................................................................................12

*Conservation Law Found. v. Mosbacher*,
   966 F.2d 39 (1st Cir. 1992) ........................................................................................7, 10, 11

*Daggett v. Comm'n on Gov'tal Ethics and Election Practices*,
   172 F.3d 104 (1st Cir. 1999) ........................................................................................7, 8, 12

*Dimond v. Dist. of Columbia*,
   792 F.2d 179 (D.C. Cir. 1986) ................................................................................................11

*In re Efron*,
   746 F.3d 30 (1st Cir. 2014) .......................................................................................................5

*In re Facebook, Inc.*,
   No. C-4365 (F.T.C. Aug. 10, 2012) ..........................................................................................2

*Food Mktg. Inst. v. Argus Leader Media*,
   139 S. Ct. 2356 (2019) ...................................................................................................4, 9, 10

*Geiger v. Foley Hoag LLP Ret. Plan*,
   521 F.3d 60 (1st Cir. 2008) .......................................................................................................6

*Gov't Accountability Project v. Food & Drug Admin.*,
   181 F. Supp. 3d 94 (D.D.C. 2015) ............................................................................................4

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*Hilsinger Company v. Eyeego, LLC*,
    No. 13-cv-10594-IT, 2016 WL 7826657 (D. Mass. Feb. 26, 2016) .........................................12

*N.H. Right to Life v. U.S. Dep't of Health and Human Servs.*,
    778 F.3d 43 (1st Cir. 2015) .......................................................................................................9

*Nextel Comms. of Mid-Atlantic, Inc. v. Town of Hanson*,
    311 F. Supp. 2d 142 (D. Mass. 2004) ................................................................................10, 11

*Photographic Illustrators Corp. v. Trade Serv. Co., LLC*,
    No. 15-cv-13157-ADB, 2016 WL 107938 (D. Mass. Jan. 8, 2016) ...................................6, 13

*Providence Journal Co. v. FBI*,
    460 F. Supp. 762 (D.R.I. 1978), *rev'd on other grounds* by 602 F.2d 1010 (1st
    Cir. 1979) ..............................................................................................................................4, 8

*Public Citizen Health Research Group v. FDA*,
    704 F.2d 1280 (D.C. Cir. 1983) ................................................................................................9

*R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*,
    584 F.3d 1 (1st Cir. 2009) .....................................................................................................5, 6

*Roane v. Leonhart*,
    741 F.3d 147 (D.C. Cir. 2014) ..................................................................................................5

*Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*,
    No. 1:18-cv-02035 (TNM), 2019 WL 1789458 (D.D.C. Apr. 24, 2019) ...............................12

*Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*,
    308 F.R.D. 39 (D. Mass 2015) ................................................................................................10

*Swan v. SEC*,
    96 F.3d 498 (D.C. Cir. 1996) ....................................................................................................7

*Travelers Indem. Co. v. Dingwell*,
    884 F.2d 629 (1st Cir. 1989) .....................................................................................................7

*United States v. Facebook, Inc.*,
    No. 19-cv-2184 (D.D.C. July 24, 2019) ...................................................................................3

*United States v. Swartz*,
    945 F. Supp. 2d 216 (D. Mass. 2013) .......................................................................................4

**Statutes**

5 U.S.C. § 552 ..................................................................................................................................1

# TABLE OF AUTHORITIES *(continued)*

Page(s)

5 U.S.C. § 552(b)(4) ..................................................................................................6, 9

28 U.S.C. § 1331 ............................................................................................................12

## Other Authorities

FTC, Statement by the Acting Director of FTC's Bureau of Consumer Protection
    Regarding Reported Concerns about Facebook Privacy Practices (Mar. 26,
    2018), https://www.ftc.gov/news-events/press-releases/2018/03/statement-
    acting-director-ftcs-bureau-consumer-protection; ..................................................2

Laura Sydell, *FTC Confirms It's Investigating Facebook For Possible Privacy
    Violations*, NPR (Mar. 26, 2018, 6:31 PM),
    https://www.npr.org/sections/thetwo-way/2018/03/26/597135373/ftc-
    confirms-its-investigating-facebook-for-possible-privacy-violations .....................2

## Rules

Fed. R. Civ. P. 23(b)(3) ..................................................................................................12

Fed. R. Civ. P. 24(a)(2) ..........................................................................................4, 5, 7

Fed. R. Civ. P. 24(b)(1)(B) ..............................................................................................4

**I.     INTRODUCTION**

Facebook seeks to intervene in this dispute between the law firm of Block & Leviton LLP ("Block & Leviton" or "Plaintiff") and the Federal Trade Commission ("FTC"), in which Block & Leviton asks this Court to force the FTC to publicly release Facebook's confidential information pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff's suit presents a significant risk that information Facebook shared confidentially with the FTC in the context of settlement discussions will be exposed to the company's competitors and the public at large. While the FTC and Facebook may agree that the material at issue is protected from release under FOIA, Facebook bears a greater risk of harm as a result of the material being released. Accordingly, Facebook is in a unique position to protect its own confidential information.

As noted in the FTC's initial response to Block & Leviton's FOIA request, Block & Leviton has access to nearly a thousand pages of previously released, publicly available documents relating to Facebook's communications with the FTC over the span of seven years, including documents related to the $5 billion settlement Facebook reached with the FTC in 2019. Block & Leviton also represents a shareholder who has received additional materials from Facebook pursuant to a books-and-records request.[1] Nevertheless, Block & Leviton has filed this action seeking to compel the public release of documents it contends were wrongfully withheld under FOIA. FOIA, however, does not require the release of certain categories of

---

[1] Additionally, Block & Leviton represents the Employees' Retirement System of Rhode Island ("ERSRI"), an alleged Facebook shareholder, in an action seeking privileged communications relating to Facebook's settlement negotiations with the FTC. *See Employees' Retirement System of Rhode Island v. Facebook*, Case No. 2020-0085-JRS (Del. Ct. Ch. Feb. 12, 2020). Facebook has already produced a significant number of non-privileged documents and communications relating to this topic to ERSRI under Section 220 of the Delaware General Corporation Law.

1

information, including confidential information received from third parties like Facebook. Any documents that have not been released to the public already were properly withheld pursuant to FOIA.

Facebook satisfies each requirement to intervene as of right in this action. This motion to intervene is timely, as Facebook intervened approximately two months after Block & Leviton filed its Complaint and before the initial scheduling conference or any dispositive briefing. Facebook has a unique and legally protected interest in protecting the confidentiality of its information. This action, which seeks to compel the FTC to publicly release such information, threatens to impair that legally protected interest. Put simply, this litigation presents a significant risk to Facebook that its confidential information will be released to the public. Facebook is in the best position to vindicate its threatened interest. Indeed, the U.S. District Court for the District of Columbia recently granted Facebook's motion to intervene in a similar FOIA action for reasons akin to those set forth here, finding that Facebook "easily meets all the[] criteria" for intervention. *See* Order Granting Facebook Inc.'s Motion to Intervene, *Electronic Privacy Information Center v. FTC*, 1:18-cv-00942-TJK-DAR (D.D.C. Aug. 28, 2019), ECF No. 21. This Court should also grant Facebook's motion.

## II.   BACKGROUND

In 2012, Facebook and the FTC entered into a Consent Order. *In re Facebook, Inc.*, No. C-4365, at 4 (F.T.C. Aug. 10, 2012), https://bit.ly/2J9YtXv ("Consent Order"). On March 26, 2018, the FTC announced that it was opening a non-public investigation into whether Facebook may have violated that Order, following reports that Cambridge Analytica, a data analytics firm, obtained Facebook users' data. *See* Press Release, FTC, Statement by the Acting Director of FTC's Bureau of Consumer Protection Regarding Reported Concerns about Facebook Privacy

Practices (Mar. 26, 2018), https://www.ftc.gov/news-events/press-releases/2018/03/statement-acting-director-ftcs-bureau-consumer-protection; Laura Sydell, *FTC Confirms It's Investigating Facebook For Possible Privacy Violations*, NPR (Mar. 26, 2018, 6:31 PM), https://www.npr.org/sections/thetwo-way/2018/03/26/597135373/ftc-confirms-its-investigating-facebook-for-possible-privacy-violations.

Over a year later, Facebook and government regulators reached a proposed settlement resolving the government's allegations relating to the non-public investigation. *See* Stipulated Order, *United States v. Facebook, Inc.*, No. 19-cv-2184 (D.D.C. July 24, 2019). Under this proposed settlement, Facebook agreed to pay an unprecedented $5 billion civil penalty and implement remedial measures that will reinforce the privacy of Facebook's users, including privacy protections far beyond those required by U.S. law and the 2012 Consent Order. *See id.* The proposed settlement is pending approval before the U.S. District Court for the District of Columbia.

On October 30, 2019, Block & Leviton submitted a FOIA request to the FTC seeking all drafts of the pending settlement agreement and documents related to the monetary amounts of negotiated settlement offers and the personal liability of Facebook CEO Mark Zuckerberg. Compl. ¶ 12, Ex. A, ECF No. 1. On November 6, 2019, the FTC issued a response, which directed Block & Leviton to the FTC's frequently requested records website and, specifically, to previously released Facebook documents labeled "Communications between FTC and Facebook, March 10, 2011 through March 20, 2018" and "Records Related to the $5 billion Facebook Settlement 2019." Compl. ¶ 14, Ex. B. Block & Leviton appealed the FTC's response. The FTC declined to provide additional documents, stating that the documents online contain all releasable records. Compl. ¶ 17, Ex. D. In response, Block & Leviton filed the present action on

December 18, 2019.  The Complaint alleges that the FTC's website does not contain documents responsive to Plaintiff's requests and that the FTC is wrongfully withholding documents in violation of FOIA.  Compl. ¶¶ 14, 19–22.  Among other relief, Block & Leviton requests that the Court order the FTC to release the requested documents.  Compl. ¶ 24.

Facebook informed the FTC and Plaintiff that it intended to intervene in this action, and neither party objected to Facebook's intervention.

### III.     ARGUMENT

Under Federal Rule of Civil Procedure 24, a party has a "[r]ight" to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  And the court "may permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B). Courts routinely recognize a party's right to intervene when the disclosure of their confidential information is at stake, including in FOIA actions.  *See, e.g.*, *Providence Journal Co. v. FBI*, 460 F. Supp. 762, 765 (D.R.I. 1978) (collecting cases), *rev'd on other grounds* by 602 F.2d 1010 (1st Cir. 1979) (reversing the district court's holding allowing production of certain documents but not disagreeing with its holding regarding intervention); *United States v. Swartz*, 945 F. Supp. 2d 216, 218–19 (D. Mass. 2013); *Am. Oversight, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 17-827 EGS/DAR, 2018 WL 4381099, at *3 (D.D.C. Aug. 3, 2018); *Gov't Accountability Project v. Food & Drug Admin.*, 181 F. Supp. 3d 94, 95 (D.D.C. 2015).  The U.S. District Court for the District of Columbia, for example, recently granted Facebook's motion to intervene in a FOIA action similar to the one at issue here.  *See* Order Granting Facebook Inc.'s Motion to

Intervene, *Electronic Privacy Information Center v. FTC*, 1:18-cv-00942-TJK-DAR, ECF No. 21. This Court should do the same and grant Facebook's motion to intervene as of right under Rule 24(a), or at the very least, to intervene permissively under Rule 24(b).

### A.     Facebook has a right to intervene under Rule 24(a)

Because this litigation relates to Facebook's confidential information and would impair Facebook's "ability to protect its interest" in maintaining confidential information, Facebook is entitled to intervene as a matter of right. *See* Fed. R. Civ. P. 24(a)(2). A party has a right to intervene under Rule 24(a) when it establishes:

> (1) the timeliness of its motion to intervene; (2) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (3) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (4) the lack of adequate representation of its position by any existing party.

*In re Efron*, 746 F.3d 30, 35 (1st Cir. 2014). Facebook meets each element.

#### 1.     Facebook's motion to intervene is timely

Facebook has timely moved to intervene in this case, which was recently filed and is still in its preliminary stage. The purpose of the timeliness requirement is "to prevent last minute disruption of painstaking work by the parties and the court." *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230–31 (1st Cir. 1992) (internal quotation marks omitted). The evaluation involves more than "merely checking off the pages of the calendar," but rather is "gauged from all the circumstances, including the stage to which the proceedings have progressed before intervention is sought." *In re Efron*, 746 F.3d at 35; *cf. Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) ("[M]easuring the length of time passed is not in itself the determinative test because [courts] do not require timeliness for its own sake." (citation and quotation marks omitted)). Moreover, this element is "applied less strictly with respect to intervention as of right" than to permissive intervention. *R & G Mortg. Corp. v. Fed. Home*

5

*Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009). Although there is "no bright-line rule delineating" when a motion to intervene is timely, courts in the First Circuit consider four factors:

> (1) the length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to existing parties if intervention is granted; (3) the foreseeable prejudice to the applicant if intervention is denied; and (4) idiocratic circumstances which, fairly viewed, militate for or against intervention.

*Banco Popular*, 964 F.2d at 1230–31; *R & G Mortg. Corp.*, 584 F.3d at 7. All factors weigh in favor of allowing Facebook to intervene.

Facebook is filing this motion approximately two months after Block & Leviton filed its Complaint with the Court on December 18, 2019, and just twenty-eight days after the FTC filed its Answer on January 21, 2020. *Cf., e.g.*, Photographic Illustrators Corp. v. Trade Serv. Co., LLC, No. 15-cv-13157-ADB, 2016 WL 107938, at *1–2 (D. Mass. Jan. 8, 2016) (finding timely a motion filed nearly three months after the complaint); *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 64–65 (1st Cir. 2008) (finding timely a motion filed after a nine-month delay, in part because the case "had not progressed beyond the initial stages"). The initial scheduling conference has not been held and, indeed, is not scheduled to be held until February 19, 2020. ECF No. 9. By any standard, Facebook has acted "reasonably promptly" in filing this motion to intervene; granting Facebook's motion is in no way at odds with the purpose of preventing "last minute disruption." *See Banco Popular,* 964 F.2d at 1232. Facebook's intervention at this early stage cannot prejudice either the FTC or Block & Leviton.

By contrast, the foreseeable prejudice to Facebook if its intervention is denied—the "penultimate factor in the four-part test"—is significant. *See id.* at 1232. Facebook contends that the documents at issue include confidential information, meaning that the FTC has properly

withheld their release pursuant to FOIA Exemption 4.  *See* 5 U.S.C. § 552(b)(4) ("[FOIA's disclosure requirements] do[] not apply to matters that are . . . trade secrets and commercial or financial information obtained from a person and privileged or confidential.").  If Facebook is denied the opportunity to vindicate its interest in maintaining confidentiality and Block & Leviton is permitted access to these documents, Facebook's confidential settlement negotiations and other confidential business information will be made public.  Moreover, because "nothing in FOIA prevents the requester from disclosing the [requested] information to anyone else," *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996), disclosure to Block & Leviton is tantamount to disclosure to the public at large, particularly given the multiple public reports purportedly connected to its request, Compl. ¶¶ 2–5.

      **2.**      **Facebook has an existing, legally protected interest relating to the property and transaction that forms the basis of the action**

Facebook likewise has a legally protected interest at issue in this litigation.  Although there is "no precise and authoritative definition of the interest required to sustain a right to intervene," the First Circuit has reiterated that the intervenor's claim "must bear a 'sufficiently close relationship' to the dispute between the original litigants," and that the interest "must be direct, not contingent."  *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989).  Courts consider the circumstances of a particular case in assessing the interest involved, and the "determination of whether an interest is sufficient for Rule 24(a)(2) purposes is colored to some extent by the third factor—whether disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest."  *Conservation Law Found. v. Mosbacher*, 966 F.2d 39, 42 (1st Cir. 1992).  Indeed, under some circumstances it may be sufficient for an applicant to have an interest that is "quite distinct from the ordinary run of citizens" who might seek to intervene.  *See Daggett v. Comm'n on Gov'tal Ethics and Election Practices*, 172 F.3d

7

104, 110 (1st Cir. 1999).

Maintaining the confidentiality of commercially sensitive information is a protected interest. *See, e.g.*, *100Reporters LLC v. DOJ*, 307 F.R.D. 269, 277 (D.D.C. 2014) (recognizing that "the submitter of documents to a government agency has a cognizable interest in maintaining the confidentiality of those documents that is sufficient under Rule 24(a)"); *Providence Journal Co.*, 460 F. Supp. at 765 (finding that intervenor "undoubtedly present[ed] a colorable claim of interest in preserving the privacy" of documents subject to a FOIA action). Here, Facebook submitted the confidential information to the FTC; Block & Leviton has requested that the FTC release documents that include that confidential information; and Facebook (and the FTC) believe that information is exempt from release under FOIA Exemption 4. Facebook's interest here is closely related to the dispute between Block & Leviton and the FTC, is direct, and, because the confidential information at issue belongs to Facebook, its interest is "quite distinct" from other potential applicants. *See Daggett*, 172 F.3d at 110.

### 3. The FOIA action presents a realistic threat to Facebook's ability to protect its interest in maintaining confidentiality

Because this action threatens to impair Facebook's interest in protecting the confidentiality of its information, the third factor for intervention as a matter of right is met. The test for this factor is a "practical" one that is "easily satisfied" where, as here, the applicant's interest "would be adversely affected if the present suit were lost by the defendant[]." *Daggett*, 172 F.3d at 110. And courts have recognized that the disclosure of confidential material pursuant to the disposition of an action "as a practical matter impede[s], in fact, destroy[s]" an intervenor's ability to protect its interest in the privacy of such material. *Providence Journal Co.*, 460 F. Supp. at 765; *see also, e.g.*, *100Reporters*, 307 F.R.D. at 279 (stating that a practical consequence that "frequently qualifies as impairment is when the disclosure of materials

following the disposition of a FOIA action 'could impair the [intervenor's] ability to protect their trade secrets or confidential information'"); *cf. Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) (recognizing a "concrete injury" where disclosure of confidential information likely would cause the intervenor "*some* financial injury").

The documents at issue in this action contain confidential information related to a confidential investigation and settlement negotiations. Like the FTC, Facebook believes this information is exempt from release under FOIA Exemption 4, which protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4). The terms of Exemption 4 are to be given their ordinary, contemporary meanings. *See Food Mktg. Inst.*, 139 S. Ct. at 2362; *Public Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983). As the U.S. Supreme Court has explained, Congress in enacting FOIA sought to provide private parties "with sufficient assurances about the treatment of their proprietary information so they will . . . supply the government with information vital to its work." *Food Mktg. Inst.*, 139 S. Ct. at 2366. Accordingly, Exemption 4 is properly interpreted to extend to and protect information a party shares with the government under an "express or implied promise" of confidentiality, including commercial documents that "would customarily not be released to the public." *Id.* at 2363.

Facebook's confidential information at issue in this lawsuit is of the type that is "customarily and actually treated as private by its owner," *id.* at 2366, and Facebook shared it with the government under the promise of confidentiality. Information shared during an investigation and settlement negotiations necessarily reveals matters of commercial interest to Facebook, and its release could directly affect Facebook financially. Thus, although a showing of competitive harm is not required for Exemption 4 to apply, *id.* 2360–61, such harm is likely

9

here. The present FOIA action threatens to impair Facebook's interest in maintaining confidentiality, and Facebook should be allowed to intervene.[2]

### 4. Facebook has a unique interest in maintaining confidentiality of its own information

The First Circuit considers three elements in assessing whether an intervenor is adequately represented by an existing party: whether (1) the interests of a present party are sufficiently similar to the intervenor's such that the legal arguments of the latter will undoubtedly be made by the former; (2) the present party is capable and willing to make such arguments; and (3) the intervenor would add some necessary element to the proceedings which would not be covered by existing parties. *Nextel Comms. of Mid-Atlantic, Inc. v. Town of Hanson*, 311 F. Supp. 2d 142, 150 (D. Mass. 2004). There is a presumption of adequacy where the intervenor has the "same ultimate goal" as an existing party, but the burden to overcome that presumption "is not onerous: the intervenor need only show that 'representation *may* be inadequate, not that it *is* inadequate.'" *Id.* at 151 (quoting *Conservation Law Found.*, 966 F.2d at 44). For example, the presumption may be overcome where the intervenor's interests "go further" than those of a government agency, or when there is a "genuine potential for divergence of interests" because the government may change its approach. *See id.* Courts have acknowledged that an intervenor's interests may be more narrow than an agency's interests in implementing the law, and a "governmental entity charged by law with representing the public interest of its citizens

---

[2] The First Circuit has not expressly decided whether intervention as of right requires a proposed intervenor to possess Article III standing. *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 308 F.R.D. 39, 48 n.4 (D. Mass 2015). Were it required here, though, Facebook has Article III standing. As discussed *supra*, Plaintiff's suit presents a significant risk to Facebook that Facebook's confidential information will be disclosed to the public, and a ruling from the Court preventing disclosure—which Facebook's intervention could help secure—would redress this significant, concrete injury to Facebook's interest in maintaining the confidentiality of its information. *See Food Mktg. Inst.*, 139 S. Ct. at 2362.

10

might shirk its duty were it to advance the narrower interest of a private entity," creating a "conflict of interest." *Conservation Law Found.*, 966 F.2d at 44–45 (citing *Dimond v. Dist. of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986)).  Moreover, an agency "remains free to change its strategy during the course of litigation," and keeping the intervenor on the sideline "until [it] disagrees with a decision by the agency is inefficient and impractical." *100Reporters*, 307 F.R.D. at 280.  Courts in FOIA cases therefore have concluded that the government may not adequately protect the interests of the private entity whose documents are at issue, even where the government and private entity are aligned at the outset of the case.  *E.g.*, *id.* at 279–80.

Here, Facebook and the FTC have differing "ultimate goal[s]."  Facebook has an "interest in protecting [its] . . . confidential information"; but the FTC's "interest lies in responding appropriately to the plaintiff's [FOIA] request." *Appleton v. F.D.A.*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004); *see also Conservation Law Found.*, 966 F.2d at 44–45.  Thus, no presumption of adequacy exists.  Even if it did, however, Facebook overcomes it.  Facebook's interests are narrower than the government's, as discussed *supra*; these differing interests may lead to a disagreement or conflict of interest; and Facebook will bring to the action an acute focus on protecting the confidentiality of its information that the existing parties do not share.  Therefore, representation of Facebook's interests by existing parties may be inadequate.

      **B.**      **Alternatively, this Court should permit Facebook to intervene permissively under Rule 24(b)**

Even if Facebook does not meet the requirements to intervene as a matter of right under Rule 24(a), this Court should allow intervention under Rule 24(b) because the application is timely and Facebook's defense "has a question of law or fact in common with the main action." *In re Boston Sci. Corp. ERISA Litig.*, 254 F.R.D. 24, 33 n.82 (D. Mass. 2008); *see also Daggett*, 172 F. 3d at 113.  "The standard for permissive intervention under Rule 24(b) is less strict than

for intervention as of right," and when an intervenor meets this "'threshold requirement' . . . the court 'can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion.'" *Hilsinger Company v. Eyeego, LLC*, No. 13-cv-10594-IT, 2016 WL 7826657, at *2 (D. Mass. Feb. 26, 2016) (quoting *Daggett*, 172 F. 3d at 113). Additional factors courts "should consider" include whether the intervention will prejudice existing parties or "delay the action." *In re Boston Sci. Corp.*, 254 F.R.D. at 33 n.82; *see also* Fed. R. Civ. P. 23(b)(3).

As an initial matter, there is undoubtedly a separate ground here for subject matter jurisdiction. Both the underlying action and Facebook's proposed defense(s) arise under federal law, and accordingly both fall within the Court's federal question jurisdiction under 28 U.S.C. § 1331. Nothing further is required. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, No. 1:18-cv-02035 (TNM), 2019 WL 1789458, at *8 (D.D.C. Apr. 24, 2019) ("[B]ecause the Court has federal question jurisdiction over this case, it has independent jurisdiction over the movants' answers and future motions." (citing 28 U.S.C. § 1331)).

Second, as discussed *supra*, Facebook has filed a timely motion. Facebook moved to intervene shortly after the relevant pleadings were filed and prior to the first scheduling conference. Third, Facebook's defense has a question of law or fact in common with the main action: Both Facebook and the FTC assert that the information requested by Block & Leviton in this action is exempt under FOIA. *See* FTC Ans. 6; Facebook Ans. 6. Fourth, "[g]iven the early stages of the litigation," Facebook's intervention will not prejudice the existing parties or delay the action. *See Photographic Illustrators Corp.*, 2016 WL 107938, at *3. Finally, as explained *supra*, Facebook's interest in maintaining the confidentiality of its information is significant and not adequately represented by the existing parties, and Facebook's arguments in this action will

assist the Court in determining whether FOIA requires the release of the information at issue, thus contributing to "the just and equitable adjudication of the legal questions presented." *See id.*

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Facebook's motion to intervene.

Dated:  February 18, 2020              Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz (BBO No. 675305)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Intervenor Facebook, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I certify that, in accordance with Local Rule 7.1(a)(2), counsel for Facebook conferred via email with the FTC and Plaintiff regarding the issues raised in this motion.  Neither the FTC nor Plaintiff opposes Facebook's intervention in this matter.

By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

## .CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing.

By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz