### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

```
_____
                                        )
BLOCK & LEVITON LLP,                    )
                                        )
                    Plaintiff,          )
                                        )        Civil Action
v.                                      )        No. 19-12539-PBS
                                        )
FEDERAL TRADE COMMISSION,               )
                                        )
                    Defendant,          )
        and                             )
                                        )
FACEBOOK, INC.,                         )
                                        )
            Defendant-Intervenor.       )
_____ )
```

### MEMORANDUM AND ORDER

February 22, 2021

Saris, D.J.

Facebook, Inc. ("Facebook") has moved to stay disclosure of certain documents pursuant to 15 U.S.C. § 57B-2(c). These documents are listed as <u>Vaughn</u> index 73, 81, 83, 86, 88, 91, 94, 178, 179, 296, 298, 524, 558, 559, 563, and 568. The statute provides:

> Any person receiving . . . notification [that a document he supplied to the FTC and marked confidential may be disclosed] may, if he believes disclosure of the document would cause disclosure of . . . commercial or financial information which is obtained from any person and which is privileged or confidential, . . . file with the appropriate district court or court of appeals of the United States, as appropriate, an application for a stay of disclosure. The documents shall not be disclosed until the court has ruled on the application for a stay.

15 U.S.C. § 57B-2(c)(3). The decision whether to grant an application for a stay pending appeal is "an exercise of judicial discretion" based on "the specific circumstances of the case." Memphis Publ'g Co. v. Fed. Bureau of Investigation, 195 F. Supp. 3d 1, 3 (D.D.C. 2012). Courts consider four factors:

> (1) the likelihood that [the moving party] will prevail on the merits of the appeal; (2) the likelihood that [the moving party] will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting a stay.

People for the Am. Way Found. v. U.S. Dep't of Educ., 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (citation omitted). A stay pending appeal is "'an intrusion into the ordinary process of administration and judicial review . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" Memphis Publ'g Co., 195 F. Supp. 3d at 3 (quoting Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted)).

As background, the Court issued a Memorandum and Order on October 15, 2020, which held: (1) Exemption 4 requires that a document contain "commercial information as commonly understood," which "reveals basic commercial operations, relates to the income-producing aspects of Facebook's business, or bears upon Facebook's commercial fortunes;" (2) "neither the FTC's Vaughn index nor the Stearns Declaration provides an adequate

foundation for the Court to review whether each withheld document contains commercial information;" (3) "settlement documents originating from the FTC and sent to Facebook may qualify as from a person only where Facebook is the source of commercial information contained within them," and "to the extent the FTC's proposals simply capture changes that are based on the content of negotiations with Facebook, those documents do not qualify as from a person;" and (4) "the official acknowledgment doctrine precludes the FTC from redacting Mr. Zuckerberg's name from the settlement documents under Exemption 7(C)." Dkt. 35 at 14, 15, 17, 21 (cleaned up). With respect to the sixteen documents listed above, the FTC proposes to release redacted versions, but Facebook takes the position that the documents should be withheld in their entirety under FOIA Exemption 4.

The Court has conducted an in camera inspection of the sixteen documents and the revised Vaughn index and concludes that neither the FTC nor Facebook has proven that the documents fall within the Exemption. Indeed, some of the proposed redactions are frivolous. For example, in the document listed as Vaughn index 73, the FTC proposes to redact that the parties consented to resolve all "matters of dispute between them in this action; any known or unknown claim." While that may have been a negotiated item, it does not reflect commercial

information. Other proposed redactions involve matters of historic fact, like who signed the Commission order in 2012 (Vaughn index 81). In other documents, the drafts of settlement agreements propose alternative wording for privacy programs or privacy impact statements and the like, but do not reflect commercial information as defined by this Court's Order. Many of the proposed redactions appear in the final public Commission order with only seemingly minor modifications. In any event, there is no granular explanation of how the drafts can be "reverse engineered" to demonstrate information that would fall within Exemption 4. The only information which arguably looks like commercial information is in paragraph 18 in Vaughn index 81 and 568, beginning with "For Example . . . ."

With respect to these sixteen documents, the Vaughn index does not explain why the proposed redactions are confidential and uses boilerplate language like "reveal[s] Facebook's legal and business strategies with regard to engagement in negotiations," and "reveals Facebook's legal and commercial interests and priorities with regard to issues during the settlement process." Dkt. 36-1 at 22–23 (Vaughn index 73). The Affidavits of Facebook are similarly conclusory. See, e.g., Dkt. 37 at 4–5 ("The differences between the draft language and the language in the final Order reveal aspects of the parties' negotiations and reflect Facebook's legal and commercial

priorities with regard to settlement."). To repeat, drafts of settlement agreements which "reveal the parties' negotiations and reflect Facebook's legal and commercial priorities with regard to settlement" are not subject to Exemption 4 unless they reveal commercial information as defined by the caselaw. Cf. Madison Cnty. v. U.S. Dep't of Justice, 641 F.2d 1036, 1042 (1st Cir. 1981).

The Court **DENIES** the motion for a stay pending this Court's decision as moot and **DENIES** the motion for a stay pending appeal to the First Circuit on the ground that Facebook has not demonstrated a likelihood of success on the merits. However, the Court grants a temporary stay of 30 days to allow Facebook to seek relief from the First Circuit. Upon the expiration of the temporary stay, the Court orders the FTC to release the sixteen documents at issue in unredacted form, with the exception of paragraph 18 in Vaughn index 81 and 568, which may be redacted.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge